Ezequiel **MIRAMONTES–ARTEAGA,** Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–73473.

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 2, 2010.

Mario Acosta, Jr., Esquire, Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

Oil, Ernesto H. Molina, Jr., Esquire, Lindsay E. Williams, Esquire, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Ezequiel Miramontes–Arteaga, a native and citizen of Mexico, petitions for review

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen and dismissing his appeal from an immigration judge's ("IJ") decision granting the government's motion to rescind. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and de novo constitutional and legal issues. *Avila–Sanchez v. Mukasey,* 509 F.3d 1037, 1039–40 (9th Cir.2007). We deny the petition for review.

The agency correctly determined that the IJ lacked jurisdiction to entertain Miramontes–Arteaga's second motion to reopen because jurisdiction remained with the BIA following the BIA's order dismissing Miramontes–Arteaga's prior appeal. *See* 8 C.F.R. §§ 1003.2(a), 1003.23(b)(1).

Because Miramontes–Arteaga's 1998 deportation order was lawful when he was deported, the BIA did not err in concluding that Miramontes–Arteaga failed to demonstrate a "gross miscarriage of justice at the prior proceeding." *Ramirez–Juarez v. INS,* 633 F.2d 174, 175–76 (9th Cir.1980) (per curiam); *see also Alvarenga–Villalobos v. Ashcroft,* 271 F.3d 1169, 1172–73 (9th Cir.2001); *Avila–Sanchez,* 509 F.3d at 1040–41. Accordingly, the BIA did not abuse its discretion in denying Miaramontes–Arteaga's motion to reopen. *See Ahwazi v. INS,* 751 F.2d 1120, 1122 (9th Cir.1985) (we will uphold the BIA's denial of a motion to reopen "unless it is arbitrary, irrational, or contrary to law").

Miramontes–Arteaga's remaining contentions are unpersuasive.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.